UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA WELCH, as Chapter 7
Trustee for the bankruptcy
estate of Frank Michael
Mongelluzzi,

      Plaintiff,

v.                            Case No. 8:14-cv-187-T-33AEP

SYNOVUS BANK,

      Defendant.

_____/

**ORDER**

    This matter comes before the Court sua sponte. Plaintiff Angela Welch, in her capacity as Chapter 7 Trustee for the bankruptcy estate of Frank Michael Mongelluzzi ("the Trustee"), has instituted over twenty adversary proceedings in bankruptcy Case No. 8:11-bk-1927-CED, In re Frank Michael Mongelluzzi, in the United States Bankruptcy Court for the Middle District of Florida. (See Case No. 8:11-bk-1927-CED, Doc. ## 1554-78). The majority of these adversary proceedings are fraudulent transfer actions against non-bank defendants. (See id.).

    The Trustee has additionally filed three fraudulent transfer complaints against three different banks, each pending before a different District Court judge within the

Tampa Division of the Middle District of Florida.  Those actions include: (1) the present case against Defendant Synovus Bank, (2) Case No. 8:14-cv-188, Welch v. Regions Bank, and (3) Case No. 14-cv-189, Welch v. Highlands Union Bank.[1]

On May 7, 2014, this Court entered an endorsed order directing the parties to show cause as to why this action should not be referred to the United States Bankruptcy Court, Tampa Division, for all further proceedings in accordance with 28 U.S.C. § 157.  On May 14, 2014, each party filed a response opposing the referral of this case to the Bankruptcy Court.  (Doc. ## 40, 41).

The parties were scheduled to mediate the instant dispute on July 17, 2014, and have failed to advise the Court as to whether that mediation was conducted as scheduled. However, on July 18, 2014, Synovus filed a motion to strike the Trustee's demand for jury trial (Doc. # 47), the filing

---

[1] The related case of Highlands Union Bank, Case No. 8:14-cv-189, is currently in abatement by agreement of the parties.  In Regions Bank, No. 8:14-cv-188, the District Court entered an order on July 15, 2014, referring the case to the United States Bankruptcy Court for the Middle District of Florida pursuant to the 2012 Standing Order of Reference for the United States District Court for the Middle District of Florida.  See In re Standing Order of Reference Cases Arising Under Title 11, United States Code, Case No. 6:12-mc-26-ACC. The Regions Bank order is discussed more fully below.

of which indicates to the Court that the parties have not succeeded in reaching an extrajudicial resolution of this matter.

Although the Court acknowledges the parties' respective positions opposing the referral of this matter to the United States Bankruptcy Court, the Court finds that this action indeed constitutes a proceeding "arising under title 11 or arising in or related to a case under title 11" which should be referred to the bankruptcy judges for this District in accordance with the Standing Order of Reference, Case No. 6:12-mc-26-ACC.  The Court finds the referral of this matter particularly appropriate in light of the order recently entered in Welch v. Regions Bank, Case No. 8:14-cv-188 (Doc. # 31), which specifically addresses the majority of the instant parties' concerns regarding referral and finds enforcement of the Standing Order of Reference to be appropriate notwithstanding.

Specifically, the Trustee in Regions Bank filed a fraudulent transfer complaint and demand for jury trial against Regions Bank on the basis of diversity of citizenship jurisdiction, identical to the circumstances of this case. (See Doc. # 19 at 1, Case No. 8:14-cv-188).  In Regions Bank, the Trustee argued that referral of the suit to the bankruptcy

court would prevent rather than promote judicial efficiency because, following referral, either party could file a motion to withdraw the reference, whereby the suit would return to the District Court "for resolution of the motion and possibly adjudication of dispositive motions, pre-trial proceedings, and/or for jury trial." (Id. at 3).  The Trustee asserted identical arguments in response to this Court's May 7, 2014, Order to Show Cause.  (See Doc. # 41 at 4).  The Trustee additionally argued, in both the present case and in Regions Bank, that the Supreme Court's decision in Stern v. Marshall, 131 S. Ct. 2594 (2011), "has created a cloud of uncertainty over the Bankruptcy Court's constitutional authority to finally adjudicate this action." (Id. at 5; Doc. # 19 at 6, Case No. 8:14-cv-188).

The July 15, 2014, Order entered in Regions Bank addresses each of these concerns.  With regard to the Trustee's argument that properly-pled diversity jurisdiction renders referral inappropriate despite the alternative basis for jurisdiction premised upon 28 U.S.C. § 1334(b), the Regions Bank court found that, "[r]egardless of the order in which Plaintiff sought to establish subject-matter jurisdiction, the fact remains that this action is a civil proceeding arising under Title 11 of the United States Code,

4

and the Standing Order of Reference refers all such cases to the bankruptcy judges."  (Doc. # 31 at 3, Case No. 8:14-cv-188).

Furthermore, with regard to the Trustee's argument that Stern v. Marshall casts a cloud over the bankruptcy court's authority to finally adjudicate the suit, the Regions Bank court acknowledged that "Plaintiff appears to be correct that an Article I court – such as a federal bankruptcy court – may not enter a final and binding judgment on this case."  (Id. at 4).  However, the court reasoned that "whether or not this is in fact true, there is nothing prohibiting this Court from referring the instant matter to the bankruptcy judges." (Id.).  The court explained that, "in Executive Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165 (2014), the Supreme Court held 'that when, under Stern's reasoning, the Constitution does not permit a bankruptcy court to enter final judgment on a bankruptcy-related claim, the relevant statute nevertheless permits a bankruptcy court to issue proposed findings of fact and conclusions of law to be reviewed de novo by the district court."  (Id.) (quoting Arkison, 134 S. Ct. at 2168).[2]

---

[2] Notably, the Regions Bank court referred the case to bankruptcy court despite the Trustee's demand for jury trial.

As for Synovus's pending motion to strike the Trustee's demand for jury trial (Doc. # 47), this Court considers the bankruptcy court exceedingly qualified to resolve this issue. See, e.g., In re Seminole Walls & Ceilings Corp., 336 B.R. 539, 546 n.8 (Bankr. M.D. Fla. 2006) (finding certain defendants entitled to a jury trial and explaining that "[p]ursuant to 28 U.S.C. Section 157(e), a bankruptcy court may conduct a jury trial, but only if all parties have expressly consented. Here, the . . . defendants have not expressly consented to this Court conducting a jury trial. As such . . . the adversary proceedings would transfer to the district court for jury trial, upon completion of all pre-trial matters."); In re Pearlman, 493 B.R. 878, 885-87 (Bankr. M.D. Fla. 2013) (finding a trustee not entitled to a jury trial where the defendant filed a proof of claim); In re Stocks, 137 B.R. 516, 521-22 (Bankr. N.D. Fla. 1991) (ruling on a plaintiff's motion to strike defendant's request for jury trial). Although a party may have a constitutional right to the determination of its case by a jury in the District Court, it is not entitled to pre-trial proceedings in this Court. See In re Miles, 477 B.R. 266, 272 (Bankr. N.D. Ga. 2012).

To conclude, this Court finds persuasive the following
reasoning of the July 15, 2014, <u>Regions Bank</u> Order:

> Plaintiff's concerns for judicial efficiency
> are legitimate; however, it is possible for the
> parties to consent to the bankruptcy judge's
> entering of an appropriate order and judgment. If
> the parties do not consent, and the bankruptcy
> judge determines this action involves a non-core
> matter, then this Court will review de novo the
> bankruptcy court's proposed findings of fact and
> conclusions of law. In any event, Plaintiff was
> appointed Chapter 7 Trustee for the bankruptcy case
> of <u>In re Frank Michael Mongelluzzi</u>, Case No. 8:11-
> bk-1927-CED (Bankr. M.D. Fla.), which is currently
> pending before the United States Bankruptcy Court
> for the Middle District of Florida. The bankruptcy
> court is therefore already familiar with the
> circumstances to which the instant case is directly
> related. Thus, referring this action to the
> bankruptcy court promotes judicial efficiency.

(Doc. # 31 at 5, Case No. 8:14-cv-188).

Given the procedural landscape of the related cases,
this Court finds that a referral of this action to the United
States Bankruptcy Court for the Middle District of Florida
pursuant to the Standing Order is appropriate.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)   The Clerk is directed to refer this case to the United
      States Bankruptcy Court for the Middle District of
      Florida pursuant to the Standing Order.

(2)   The Clerk is further directed to terminate any pending

motions and thereafter to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this

22nd day of July, 2014.


VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies: All Counsel of Record